PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
MOHAMMAD TEHRANI, SBN 294569
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Mohammad.V.Tehrani@usdoj.gov

**FILED & ENTERED**

MAR 26 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY romero    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:

MAISHA TAMU MESA,

　　Debtor.

Case No. 6:17-bk-20182-MH

Chapter 7

**ORDER GRANTING MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE WITH A FILING BAR**

Date:    January 24, 2018
Time:    11:00 a.m.
Place:   Courtroom 303
         3420 Twelfth Street
         Riverside, CA 92501

-1-

1  The Court held a hearing on January 24, 2018, on the *Motion by United States Trustee to Dismiss Case with a Filing Bar* [docket number 8] ("Motion") filed on December 29, 2017, by Peter C. Anderson, the United States Trustee for Region 16.

Prior to the hearing, the Court issued a tentative ruling granting the Motion and excusing appearances.

For the reasons stated in the Motion and the attached tentative ruling, which the Court adopts as its final ruling, the absence of any opposition, notice being proper and good faith appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The above-captioned bankruptcy case is dismissed; and

2. The debtor, Maisha, Tamu Mesa, is barred from filing another bankruptcy case for one year from the hearing date of January 24, 2018.

###

Date: March 26, 2018

Mark Houle
United States Bankruptcy Judge

-2-

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 24, 2018**      **Hearing Room    303**

<u>11:00 AM</u>
**6:17-20182**     **Maisha Tamu Mesa**     **Chapter 7**

   **#1.00**     Motion By United States Trustee To Dismiss Case With A Filing Bar

        EH__

                  Docket     8

**Tentative Ruling:**

   <u>01/24/2018</u>
   <u>BACKGROUND</u>
         On December 12, 2017 ("Petition Date"), Maisha Mesa (the "Debtor") filed a petition for chapter 7 relief.

         On December 29, 2017, the Office of the United States Trustee ("UST") filed a Motion to Dismiss Chapter 7 Case with a Re-Filing Bar (the "Motion"). No opposition has been filed.

   <u>DISCUSSION</u>
         Section 707(b)(3) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). *In re Siegenberg*, 2007 WL 6371956 (2007). Since BAPCPA, the Ninth Circuit has not established a standard for determining a finding of "bad faith" in chapter 7 cases under § 707(b)(3)(A). *Id*. However, a few bankruptcy courts have addressed the issue. *Siegenberg* at *3-4. (citing *In re Mitchell*, 357 B.R. 142 (Bankr.C.D.Cal.2006)). The court in *Mitchell*, a chapter 7 case, used a nine-part test borrowing both from the Ninth Circuit's pre-BAPCPA "substantial abuse" test and from chapter 11 and 13 bad faith cases. *Id*. at 153–156 (citing: *In re Price*, 353 F.3d 1135, 1139–40 (9th Cir.2003)(using a six factor "totality of the circumstances test" to determine "substantial abuse" under pre-BAPCPA 707(b)); *In re Leavitt*, 171 F.3d 1219 (9th Cir.1999)(dismissing a chapter 13 for cause under §§ 349(a) and 1307(c), after a finding of bad faith employing a four part "totality of the circumstances" test)).

         The court in *Mitchell* considered the following nine factors in determining whether "the debtor's intention in filing bankruptcy is inconsistent with the Chapter 7 goals of providing a 'fresh start' to debtors and maximizing return to creditors" and

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 24, 2018**                                                         **Hearing Room    303**

11:00 AM
**CONT...        Maisha Tamu Mesa                                                                Chapter 7**
whether the case should thus be dismissed under § 707(b)(3)(A):
1. Whether the chapter 7 debtor has a likelihood of sufficient future income to fund a chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims;
2. Whether debtor's petition was filed as a consequence of illness, disability, unemployment, or other calamity;
3. Whether debtor obtained cash advances and consumer goods on credit exceeding his or her ability to repay;
4. Whether debtor's proposed family budget is excessive or extravagant;
5. Whether debtor's statement of income and expenses misrepresents debtor's financial condition;
6. Whether debtor made eve of bankruptcy purchases;
7. Whether debtor has a history of bankruptcy petition filings and dismissals;
8. Whether debtor has invoked the automatic stay for improper purposes, such as to delay or defeat state court litigation;
9. Whether egregious behavior is present.

*Mitchell* at 154–55. No single factor is considered dispositive, *Id*. at 155 (citing: *In re Powers*, 135 B.R. 980, 991–92 (Bankr.C.D.Cal.1991); *In re Marshall*, 298 B .R. 670, 681 (Bankr.C.D.Cal.2003)), and fraudulent intent is not required for a finding of bad faith. *Id*. (citing *Leavitt*, 171 F.3d at 1224).

   Here, the UST asserts as grounds for dismissal that:
1. The Debtor filed an incomplete petition on the Petition Date;
2. The Debtor failed to file the remaining documents by the Court-ordered deadline;
3. This is the Debtor's third bankruptcy case filed since October 4, 2017 (Ex. 4);
4. The prior two cases were dismissed for failure to comply with the debtor's duties;
5. The Court further takes judicial notice of multiple additional prior cases indicated on the Court's docket as follows:
    a. Case Number 17-18982, Chapter 13 filed in California Central Bankruptcy on 10/27/2017, Dismissed for Failure to File Information on 11/29/2017;
    b. Case Number 17-18306, Chapter 13 filed in California Central Bankruptcy on 10/04/2017, Dismissed for Failure to File Information

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 24, 2018**                                                                 **Hearing Room    303**

11:00 AM
**CONT...**    **Maisha Tamu Mesa**                                                                                      **Chapter 7**

      c. Case Number 07-11850, Chapter 13 filed in California Central Bankruptcy on 04/08/2007, Dismissed for Other Reason on 05/25/2007;

      d. Case Number 03-20834, Chapter 13 filed in California Central Bankruptcy on 07/18/2003, Dismissed for Other Reason on 02/24/2004;

      e. Case Number 04-14569, Chapter 13 filed in California Central Bankruptcy on 04/13/2004, Dismissed for Other Reason on 08/17/2004; and

      f. Case Number 03-13994, Chapter 7 filed in California Central Bankruptcy on 03/17/2003, Standard Discharge on 07/01/2003.

The UST asserts that based on the dismissal of the Debtor's prior cases for failure to file documents, the failure of the Debtor to comply with the duties of a debtor in two recent prior cases, the history of dismissed filings, and the filing of the instant case seemingly for no other purpose than to frustrate creditors, dismissal with a bar is warranted.

Here, for the reasons set forth by the UST, based primarily on the history of filings, and the repeated conduct of the Debtor in failing to comply with Court-imposed deadlines, the Court finds that cause exists to dismiss the Debtor's case. Additionally, the Debtors apparent attempts to file bankruptcy for the sole purpose of forestalling creditors warrants a one-year bar under the Court's § 105 and § 349 authority as requested by the UST.

**TENTATIVE RULING**

Based on the foregoing, including the Debtor's failure to file opposition which this Court deems as consent to the granting of the Motion under LBR 9013-1(h), the Court is inclined to GRANT the Motion in its entirety.

APPEARANCES WAIVED. Movant to lodge an order within 7 days.

**Party Information**

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 24, 2018**                                                                 **Hearing Room   303**

11:00 AM
**CONT...**     **Maisha Tamu Mesa**                                                                              **Chapter 7**

   **Debtor(s):**

      Maisha Tamu Mesa                         Pro Se

   **Movant(s):**

      United States Trustee (RS)               Represented By
                                                 Mohammad Tehrani

   **Trustee(s):**

      Robert Whitmore (TR)                      Pro Se